UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDERSON CARTER,

    Plaintiff,

v.                                    CASE NO.  8:12-CV-2761-T-17MAP

CVS PHARMACY,
et al.,

    Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 17    Motion for Leave to Proceed IFP

The following complaints have been filed in this case:

| Dkt. 1  | Complaint |
|---------|-----------|
| Dkt. 11 | Amended Complaint |
| Dkt. 18 | Second Amended Complaint |
| Dkt. 21 | Fourth Amended Complaint |
| Dkt. 24 | Fifth Amended Complaint |

      On May 7, 2013, the Court denied Plaintiff Anderson Carter's construed motion to proceed IFP (Dkt. 9).  The Court found that Plaintiff's Complaint did not comply with the procedural requirements of the Federal Rules of Civil Procedure, including Rule 8(a) and Rule 10(b).  The Complaint did not include a short and plain statement of the grounds for the Court's jurisdiction, and alleged three different claims in unnumbered paragraphs, such that the Court did not know the cause of action for each claim and

Case No. 8:12-CV-2761-T-17MAP

against which Defendant each claim is directed. The Court granted leave to Plaintiffs to file an amended complaint within fourteen days.

The Amended Complaint (Dkt. 11) includes the signature of Anderson Carter and Annie M. Carter. The Amended Complaint is organized in numbered paragraphs, but does not state the basis for the Court's jurisdiction. Plaintiffs did not identify a specific cause of action for each paragraph or indicate to which Defendant each claim is directed. By endorsed Order (Dkt. 20), the Court granted leave to file a Third Amended Complaint.

The successive complaints do not include the signature of either Plaintiff and are subject to dismissal for failure to comply with the Federal Rules of Civil Procedure. These documents appear to be filed by only Anderson Carter. A pro se plaintiff is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. An individual pro se plaintiff can represent himself, but cannot represent other pro se parties. The Court directs the attention of Plaintiffs to the resources intended to assist pro se parties on the Court's website, www.flmd.uscourts.gov.

In the Second Amended Complaint (Dkt. 18), Plaintiff alleges jurisdiction under the United States Constitution, including the Eighth and Fourteenth Amendments, 21 C.F.R. Sec. 1306.049, and the Civil Rights Act of 1964 Title II. Plaintiff Carter alleges three causes of action in separately numbered paragraphs.

In the Second Amended Complaint (Dkt. 18), Plaintiffs alleged the following legal theories:

1. Denial of access to doctor's orders       (All Defendants)
2. Violation of Civil Rights Act of 1964 (disparate treatment)    (Trinkala)

2

Case No. 8:12-CV-2761-T-17MAP

    3.  Violation of 21 C.F.R. Sec. 1306.049    (All Defendants)
    4.  Violation of Fourteenth Amendment    (All Defendants)
    5.  Violation of Title VI of Civil Rights Act of 1964    (CVS Pharmacy)

Plaintiff Anderson Carter seeks compensatory damages of $650,000 and injunctive relief.  Plaintiff further requests referral to the Department of Justice for appropriate legal action.

Without seeking leave of Court, Plaintiff Anderson Carter then filed the Fourth Amended Complaint (Dkt. 21), which includes the same allegations as the Amended Complaint (pp. 1-3), with an additional section that requests relief as to Claim 1, Claim 2 and Claim 3 (p. 4).  The Fourth Amended Complaint is not signed by either Plaintiff.  The Fourth Amended Complaint does not include a statement of the Court's jurisdiction, does not identify the legal theory for each claim, and does not specify the Defendant from which Plaintiff is seeking relief.

Without seeking leave of Court, Plaintiff Anderson Carter then filed the Fifth Amended Complaint (Dkt. 24).   The Fifth Amended Complaint includes the same allegations as the Amended Complaint.  Plaintiff Anderson Carter signed the Certificate of Service which is attached to the Fifth Amended Complaint, but the Fifth Amended Complaint is not signed.  The Fifth Amended Complaint does not include a statement of the Court's jurisdiction, does not identify the legal theory for each claim, does not specify the relief requested for each claim, and does not specify the Defendant from which Plaintiff is seeking relief.

When an amended complaint is filed, it supersedes the previous complaint.  The Fifth Amended Complaint does not comply with the Court's previous orders which granted leave to file an amended complaint.  Although pro se pleadings are held to a less stringent standard than pleadings drafted by counsel, and are liberally construed,

Case No. 8:12-CV-2761-T-17MAP

the Court requires pro se litigants to conform to procedural rules. The Court has repeatedly permitted Plaintiff to filed an amended complaint, but at this time there is still no viable complaint. After consideration, the Court dismisses this case. Accordingly, it is

    **ORDERED** that the Motion to Proceed IFP is **denied as moot**, and this case is **dismissed** for failure to file a Complaint which complies with the Federal Rules of Civil Procedure, and the Court's Orders. The Clerk of Court shall close this case.

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this 23rd day of December, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record